UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA VASQUEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YUET SIN LEE and YUET SUN LEE,<br><br>　　　　　Defendants. | No.  2:23-cv-01514 KJM AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　This matter is before the court on plaintiff's motion for default judgment.  ECF No. 20.  The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19).  For the reasons set forth below, the undersigned recommends plaintiff's motion be DENIED.

　　　　　　　　　　　　　　　I.　　　Background

　　　Plaintiff's complaint was filed on July 24, 2023, against Yuet Sin Lee and Yuet Sun Lee, both of whom are sued individually and as Successor Trustees of the King Non Lee Family Trust, for unlawfully discriminating against plaintiff because of her disability.  ECF No. 1 at 1.  According to the complaint, "Defendants owned and currently own, (or had legal title and currently have legal title to), the commercial real property with the commonly known address 2378 Florin Road in Sacramento, California. ("Property") at which there is a business named Rice Bowl ("Rice Bowl") that is operated there."  ECF No. 1 at 2.  Plaintiff, a person with a disability,

1

1   alleges that on May 12, 2023, she personally visited the Rice Bowl to eat, but encountered
2   accessible parking spaces that were in "an utter state of disrepair." Id. at 3.  Plaintiff filed this
3   lawsuit for violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. Id.
4   at 4-6.

5         A notice of service by publication was filed on February 18, 2024.  ECF No. 10.  The
6   clerk of court entered default against both defendants on March 19, 2024.  ECF No. 12.  Plaintiff
7   moved for default judgment on May 17, 2024.  On June 12, 2024, two documents were filed by
8   counsel for the estate of Yuet Sin Lee, making a special appearance to oppose the motion for
9   default judgment and to seek dismissal of the case as against Yuet Sin Lee.  ECF Nos. 22-23.

10         To the extent defense counsel intends the filings at ECF Nos. 22 and 23 as motions to
11   dismiss, they are improperly filed and will be VACATED.  The court will consider these
12   documents only as oppositions to the motion for default judgment.  The documents assert that
13   defendant Yuet Sin Lee was not properly served because she died on November 1, 2013, roughly
14   ten years before this lawsuit was filed.  ECF No. 23 at 2.  A copy of defendant's death certificate,
15   of which the court takes judicial notice,[1] is attached at ECF No. 23-1.  Substantive defenses are
16   also raised, including the argument that Yuet Sin Lee does not "own, lease, or operate" the Rice
17   Bowl, and that Yuet Sin Lee's son has repaired the parking spaces and brought them into
18   compliance with the law, suggesting a potential mootness issue.  ECF No. 23 at 5-6.  Plaintiff did
19   not respond to plaintiff's filing.

20                                 II.     Analysis
21     A.  Standards Under Fed. R. Civ. P. 55(b)
22         "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered
23   judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing
24   Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing
25   the entry of default judgments).  Instead, the decision to grant or deny an application for default

---

[1] Courts may take judicial notice of some public records, including the "records and reports of administrative bodies," such as a death certificate. United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003).

judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court will consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

B. Defendant Yuet Sin Lee

Default judgment is not appropriate against Yuet Sin Lee, as counsel has specially appeared on behalf of her estate to dispute the adequacy of service, made substantive argument against the legal claims, and has indicated that the defendant is deceased.  These circumstances defeat default judgment under the Eitel factors.  The merits of plaintiff's substantive claim against Yuet Sin Lee are questionable considering the judicially noticeable fact that she died ten years before the events described in the complaint.  Counsel for defendant's estate also contends that "plaintiff failed to show that defendant ever 'owned, leased, or operated the Rice Bowl Restaurant at any time relevant to this litigation." ECF No. 23 at 6.  Accordingly, there is a material factual dispute regarding the relationship of Yuet Sin Lee to the subject premises during the relevant period, and thus regarding her potential liability (or her estate's potential liability) for any ADA violations.  For these reasons, and in light of "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," entry of default judgment should be denied.

If the estate of defendant Yuet Sin Lee wishes to bring a motion to dismiss, such a motion must conform with all applicable Federal Rules of Civil Procedure and the Local Rules of this court.

C. Defendant Yuet Sun Lee

Although there has been no appearance on behalf of Yuet Sun Lee, a default judgment against this defendant would be improper at this juncture.  The precise relationship between Yuet Sun Lee and Yuet Sin Lee is not clear from either the complaint or the briefing on the default

3

1 judgment motion, but it is nonetheless apparent that they are alleged to be jointly responsible for
2 the Rice Bowl property.  In the complaint, both Yuet Sun Lee and Yuet Sin Lee are alleged to be
3 "Successor Trustee of the King Non Lee Family Trust 'A' established under the Lee Family Trust
4 dated May 18, 1992."  ECF No. 1 at 1.  However, a copy of a Grant Deed for the property dated
5 June 5, 2009 and attached to the motion for default judgment, states in pertinent part as follows:

> … Yuet Sin Lee, Successor Trustee of the Lee Family Trust dated May 18, 1992, Grantor, does hereby FOREVER GRANT all of the right, title and interest of the Trust and Grantor in and to the property… to the following:
>
> 70% to Yuet Sun Lee, Successor Trustee of the King Non Lee Family Trust 'A' established under the Lee Family Trust "A" dated May 18, 1992;
>
> 30% to Yuet Sin Lee, Successor Trustee of the Yuet Sin Lee Family Trust "B" established under the Lee Family Trust dated May 18, 1992.

ECF No. 20-7 at 3.  The motion for default judgment describes the defendants as they are specified in the Grant Deed, and states that the Complaint is in error.  ECF No. 20-1 at 2.

In an action with multiple defendants, entry of default judgment must comply with Fed. R. Civ. P. 54(b), which states:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or *parties only if the court expressly determines that there is no just reason for delay*.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

(emphasis added).

"The leading case on the subject of default judgments in actions involving multiple defendants is Frow v. De La Vega, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872).  The Court held in Frow that, where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." In re First T.D. & Inv., Inc., 253 F.3d 520, 532

4

(9th Cir. 2001). The Ninth Circuit has "extended the rule beyond jointly liable co-defendants to those that are similarly situated, such that the case against each rests on the same legal theory; it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action." Garamendi v. Henin, 683 F.3d 1069, 1082–83 (9th Cir. 2012) (internal citations omitted).

The court finds that in this case, where default judgment is inappropriate as to co-defendant Yuet Sin Lee for the reasons described above, it would be inappropriate to enter default judgment against co-defendant Yuet Sun Lee. Defendants Yuet Sun Lee and Yuet Sin Lee are allegedly co-owners of the property at issue and are therefore similarly situated for purposes of the lawsuit. The denial of entry of default judgment should, however, be without prejudice. Plaintiff may move again, if appropriate, when the claims against Yuet Sin Lee have been adjudicated.

### III.   Conclusion

For the reasons set forth above, it is HEREBY ORDERED that the documents filed at ECF Nos. 22 and 23 are VACATED to the extent they constitute motions to dismiss and are construed only as objections to plaintiff's motion for default judgment as against Yuet Sin Lee.

IT IS FURTHER RECOMMENDED that plaintiff's motion for default judgment (ECF No. 20) be DENIED as to both Yuet Sin Lee and Yuet Sun Lee.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE